## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIMEDX GROUP, INC. and SEAN MCCORMACK,<br><br>               Plaintiffs,<br><br>     v.<br><br>SPARROW FUND MANAGEMENT LP, A/K/A "AURELIUS VALUE"; VICEROY RESEARCH; JOHN FICHTHORN; BR DIALECTIC CAPITAL MANAGEMENT, LLC; and DOES 1-10, inclusive,<br><br>            Defendants. | **Case No. 1:17-cv-07568** |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY ON AN EMERGENCY BASIS

## <u>TABLE OF CONTENTS</u>

**Page No.**

I.     INTRODUCTION ................................................................................................ 1

II.    BACKGROUND ................................................................................................. 1

      A.     Factual Allegations ................................................................................... 1

      B.     Defendants' Likely Knowledge of Viceroy's Identity ................................. 3

      C.     Knock Knock WHOIS NOT There, LLC's Likely Knowledge of
             Viceroy's Identity ................................................................................... 4

      D.     Seeking Alpha's Likely Knowledge of Viceroy's Identity ......................... 5

III.   ARGUMENT ..................................................................................................... 6

      A.     Good Cause for Expedited Discovery ....................................................... 7

      B.     Plaintiffs' Prima Facie Case .................................................................... 9

      C.     Emergency Relief Requested .................................................................. 10

IV.    CONCLUSION ................................................................................................ 11

i

# <u>TABLE OF AUTHORITIES</u>

**Page No.**

**Cases**

*adMarketplace, Inc. v. Tee Support, Inc.*,
No. 13 Civ. 5635(LGS), 2013 WL 4838854 (S.D.N.Y. Sept. 11, 2013) ........................7

*Arista Records, LLC v. Doe 3*,
604 F.3d 110 (2d Cir. 2010) ........................................................................................7

*Brown v. Owens Corning Inv. Review Comm.*,
622 F.3d 564 (6th Cir. 2010) ......................................................................................8

*Davis v. Kelly*,
160 F.3d 917 (2d Cir. 1998) ........................................................................................7

*Dean v. Barber*,
951 F.2d 1210 (11th Cir. 1992) ...................................................................................8

*Digital Sin, Inc. v. Does 1-176*,
279 F.R.D. 239 (S.D.N.Y. 2012) .................................................................................7

*Green v. Doe*,
260 Fed. Appx. 717 (5th Cir. 2007) ............................................................................8

*Gristede's Foods, Inc. v. Poospatuck (Unkechauge) Nation*,
No. 06-CV-1260, 2009 WL 4547792 (E.D.N.Y. Dec. 1, 2009) ...................................9

*John Wiley & Sons, Inc. v. Doe Nos. 1-30*,
284 F.R.D. 185 (S.D.N.Y. 2012) ............................................................................7, 8

*Krueger v. Doe*,
162 F.3d 1173 (10th Cir. 1998) ...................................................................................8

*Maclin v. Paulson*,
627 F.2d 83 (7th Cir. 1980) .........................................................................................8

*Malibu Media, LLC v. John Does 1-11*,
2013 WL 3732839 (S.D.N.Y. 2013) .......................................................................7, 8

*Malibu Media, LLC v. John Does, 1-18*,
No. CIV.A. 12-2095, 2012 WL 8264665 (E.D. Pa. Sept. 27, 2012)..............................8

*Munz v. Parr*,
758 F.2d 1254 (8th Cir. 1985) .....................................................................................8

*Next Phase Distrib., Inc. v. John Does 1-27*,
284 F.R.D. 165 (S.D.N.Y. 2012) .................................................................................7

*PenalbertRosa v. Fortuno-Burset*,
631 F.3d 592 (1st Cir. 2011) ........................................................................................7

*Sony Music*,
326 F. Supp. 2d 556 (S.D.N.Y. 2004)..........................................................................8

*Stern v. Cosby*,
    246 F.R.D. 453 (S.D.N.Y. 2007) ...................................................................7, 9

*Young v. Transp. Deputy Sheriff I*,
    340 Fed. Appx. 368 (9th Cir. 2009) .................................................................8

## Rules

Fed. R. Civ. P. 26(d) ...........................................................................................6

S.D.N.Y. L. Civ. R. 37.2 ...................................................................................10

Court's Individual Practices R. II.B.................................................................10

## I.    <u>INTRODUCTION</u>

Plaintiffs MiMedx Group, Inc. and Sean McCormack ("Plaintiffs") seek emergency authorization to conduct expedited discovery for the limited purpose of identifying and serving Defendant Viceroy Research ("Viceroy") with process.

As described in Plaintiffs' Complaint, Viceroy is using pseudonymity to shield its ongoing defamation of Plaintiffs and other wrongful conduct.  Thus, Plaintiffs seek leave to immediately serve: (i) subpoenas on third parties with which Viceroy has conducted business, and which therefore should have knowledge of Viceroy's identity; and (ii) discovery of the known defendants in this case alleged in the Complaint to be working in concert with Viceroy—Sparrow Fund Management LP a/k/a "Aurelius Value" ("Sparrow" or "Aurelius"), John Fichthorn ("Fichthorn") and BR Dialectic Capital Management, LLC ("Dialectic")—limited to identifying Viceroy.

The expedited discovery sought by Plaintiffs is necessary, eminently reasonable under the circumstances, and narrowly tailored to discovering the identity of a party defendant so that the defendant may be served and the case may proceed in normal fashion.  Accordingly, there is ample good cause for granting the Motion.  Accordingly, Plaintiffs are seeking immediate consideration of the Motion on an emergency basis.

## II.    <u>BACKGROUND</u>

### A.    **Factual Allegations**

Plaintiffs filed their Complaint on October 4, 2017, alleging a blatant "short and distort" market manipulation conspiracy against MiMedx by Viceroy and its co-defendants.  Complaint [Dkt. No. 1], ¶ 1.  Viceroy has specifically admitted holding a "short" or bearish investment in MiMedx's stock.  *Id.*  A short-seller may not engage in

1

fraudulent or manipulative conduct in an effort to ensure that its short bet will pay off, yet it is precisely that illegal conduct that Viceroy has engaged in here. *Id.* Indeed, in an all-out effort to ensure that it would profit from its negative investments, Viceroy maliciously disseminated materially false, misleading and defamatory statements about MiMedx and its employees (including Plaintiff McCormack) to shareholders and the investing public, intending to fraudulently manipulate the market for MiMedx's stock and to allow Viceroy and its co-conspirators to reap enormous profits from the resulting price decline. *Id.* Viceroy publishes its supposed "research" about publicly-traded companies, including MiMedx on its website, viceroyresearch.org/. *Id.*, ¶ 16.

Viceroy published its first article about Plaintiffs on September 20, 2017—the very same day that its co-defendant Aurelius published its defamatory article about MiMedx, and days after its co-defendant Fichthorn held a telephone call with a MiMedx shareholder to defame MiMedx and attempt to convince the shareholder to sell his stock. Complaint, ¶ 49. Viceroy then published follow-up articles defaming MiMedx on September 26, 2017 and October 2, 2017. *Id.* In the preface to each article, Viceroy expressly admitted the following:

> As of the publication date of this report, you should assume that the authors have a direct or indirect interest/position in all stocks (and/or options, swaps, and other derivative securities related to the stock) and bonds covered herein, and **therefore stand to realize monetary gains in the event that the price of either declines**. The authors may continue transacting directly and/or indirectly in the securities of issuers covered on this report for an indefinite period and may be long, short, or neutral at any time hereafter regardless of their initial recommendation [emphasis added].

*Id.* (Copies of Viceroy's September 20, 2017, September 26, 2017, and October 2, 2017 articles are attached as Exhibits "B," "C," and "D" respectively to the Complaint.)

In publishing its defamatory articles, Viceroy engaged in self-promotion and cross-promotional efforts with Aurelius online via social media (namely, Twitter) in order to promote its false and misleading articles and further manipulate the market for MiMedx's stock.  *Id*., ¶ 81.  Aurelius and Viceroy routinely re-posted and re-published negative statements about MiMedx made on the other's Twitter page.  *Id*.  Moreover, all three co-defendants appeared to be acting in concert by virtue of the fact that all three made similar, if not identical allegations against MiMedx.  *Id*., ¶¶ 79-80.

In sum, Defendants conspired with one another to carry out a concerted, wrongful "short and distort" campaign specifically aimed at manipulating MiMedx's stock price for their own profit.  *Id*., ¶ 82.  Based on the demonstrable concerted and coordinated effort among the Defendants, the known Defendants are highly likely to have information regarding the identity of Viceroy.

**B.      Defendants' Likely Knowledge of Viceroy's Identity**

As summarized above, the Complaint sets forth the connections between and among the Defendants that make it highly likely that the known Defendants know Viceroy's identity.  Complaint, ¶¶ 20, 49, 77-82.  In addition to the coordinated timing and cross promotion set forth above, the Complaint sets forth the similarities in the actionable defamatory statements by Viceroy, Fichthorn and Aurelius.  *Id*. at ¶¶ 79-80.

Accordingly, MiMedx seeks permission to seek discovery from the other known Defendants on the sole and limited issue of Viceroy's identity.   The burden on Defendants—regardless of whether they do or do not have such information—is minimal, given the narrow scope of the discovery sought.

C.    **Knock Knock WHOIS NOT There, LLC's Likely Knowledge of Viceroy's Identity**

Knock Knock WHOIS NOT There, LLC ("Knock Knock") is a domain hosting and registration service utilized by Viceroy.    Declaration of David M. Pernini filed concurrently herewith ("Pernini Dec."), ¶¶ 4-6.  "By using [Knock Knock's] Service, [its] name and contact information shall appear in place of [the customer's]." http://wordpress.com/knock-knock-whois-not-there-terms-of-service/ (last visited Oct. 5, 2017).    However, Knock Knock requires the following complete and accurate information from its customers according to its terms of service:

> **4.  Required Information.** For each domain, you agree to submit complete and accurate information, as well as maintain as current, the following (collectively, the "Contact Information"):
>
> - Your name, postal address, email address, telephone number, and where available, fax number;
> - Administrative contact information, including the name, postal address, email address, telephone number, and where available, fax number of the administrative contact for the domain name;
> - Technical contact information, including the name, postal address, email address, telephone number, and where available, fax number of the technical contact for the domain name;
> - Billing contact information, including the name, postal address, email address, voice telephone number, and where available, fax number of the billing contact for the domain name; and
>
> You represent that you have obtained consent from any third party individuals whose personal data you have provided as Contact Information.
>
> You agree to update this information immediately if there are any changes, respond within seven (7) days to any inquiries of ours concerning the accuracy of your Contact Information, and promptly respond to messages regarding correspondence addressed to or involving the domain name associated with our Service.
>
> Failure to supply accurate and complete Contact Information will constitute a material breach of this Agreement and may result in the cancellation of our Service.

*Id.*

4

Indeed, Knock Knock requires its customers to affirm: "You understand and agree that although your name and information won't be public via WHOIS, it is still kept on file.  You further agree and warrant that you will ensure that the WHOIS information is true, accurate, and up to date."  *Id.*  The public WHOIS information confirms that Knock Knock is the registered owner of the viceroyresearch.org website, and therefore that Viceroy is a customer who has agreed to the above-referenced terms of service:



http://whois.icann.org/en/lookup?name=viceroyresearch.org (last visited Oct. 5, 2017).

Given the foregoing, the subpoena to Knock Knock should reveal information sufficient to identify of Viceroy, its customer.

### D.      Seeking Alpha's Likely Knowledge of Viceroy's Identity

Similarly, Viceroy has created an account on the website hosted by Seeking Alpha, Inc. ("Seeking Alpha") and posts articles on the Seeking Alpha website as a contributor.  Pernini Dec., ¶¶ 4-6.  Seeking Alpha is a clearing house for information regarding the stock market and publishes articles from third party contributors which it does not appear to vet.  When creating an account on seekingalpha.com and becoming a

5

contributor like Viceroy, Seeking Alpha requires its contributors to provide accurate

and complete information under its terms of service:

> In order to access some of the services of the Site, you will have to create
> an account. By creating this account you agree to the following:
>
> You may only maintain a single account;
> You may never share your account user name or password or knowingly
> provide or authorize access to your account (including without limitation a
> "Subscription", as defined below in Section 18);
> You may never use another user's account without permission;
> When creating your account, you must provide accurate and complete
> information;
> You are solely responsible for the activity that occurs on your account,
> and you must keep your account password secure;
> You must notify us immediately of any breach of security or unauthorized
> use of your account;
>
> You will be liable for any use made of your account or password and the
> losses of Seeking Alpha or others due to such unauthorized use. We will
> not be liable for your losses caused by any unauthorized use of your
> account.

http://seekingalpha.com/page/terms-of-use (last visited Oct. 5, 2017).

Seeking Alpha also requires its users, including Viceroy, to acknowledge that

Seeking Alpha has the right to disclose its users' information:

> We reserve the right to access, read, preserve, and disclose any User
> Submissions (whether published or not) or any other information we
> believe is reasonably necessary to (a) comply with any applicable law,
> regulation, legal process, **subpoena** or governmental or regulatory request,
> (b) enforce these TOU, including investigation of potential violations of it,
> (c) detect, prevent, or otherwise address fraud, security or technical issues,
> (d) respond to user support requests, or (e) protect the rights, property or
> safety of Seeking Alpha, its users, yourself or the public.

*Id.* (emphasis added).

Accordingly, the subpoena to Seeking Alpha should also provide information

sufficient to identify Viceroy.

## III.   **ARGUMENT**

Upon good cause shown, a Court may order early or expedited discovery prior to

the Rule 26(f) conference.  Fed. R. Civ. P. 26(d); *Digital Sin, Inc. v. Does 1-176*, 279

F.R.D. 239, 241 (S.D.N.Y. 2012).    The court applies a "flexible standard of reasonableness and good cause in determining whether to grant a party's expedited discovery request."   *Digital Sin,* 279 F.R.D. at 241 (citing cases) (internal quotation marks omitted).  In applying this standard, courts have great discretion and assess each matter on a case-by-case basis.  *See Next Phase Distrib., Inc. v. John Does 1-27*, 284 F.R.D. 165, 171-72 (S.D.N.Y. 2012) (granting expedited discovery in infringement case for the plaintiff to identify a John Doe by serving a subpoena); *Stern v. Cosby*, 246 F.R.D. 453, 457-58 (S.D.N.Y. 2007) (granting expedited discovery to resolve the issue of potential witness tampering).

### A.    Good Cause for Expedited Discovery

Specifically, with regard to identifying defendants, "[c]ourts in this district have found 'good cause' for expedited discovery to determine the identity of John Doe defendants where the plaintiff has stated a prima facie case and is unable to identify the defendants without a court-ordered subpoena." *adMarketplace, Inc. v. Tee Support, Inc*., No. 13 Civ. 5635(LGS), 2013 WL 4838854, at *2 (S.D.N.Y. Sept. 11, 2013) (granting expedited discovery to identify defendant in a defamation case).  *See also Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010); *Malibu Media, LLC v. John Does 1-11*, 2013 WL 3732839 (S.D.N.Y. 2013) (same); *John Wiley & Sons, Inc. v. Doe Nos. 1-30*, 284 F.R.D. 185, 189 (S.D.N.Y. 2012) (same).[1]  Here, Plaintiffs have identified Viceroy by its

---

[1]    The Circuit Courts have unanimously approved the procedure of suing John Doe defendants and then using discovery to identify such defendants. For example, the Second Circuit stated that "courts have rejected the dismissal of suits against unnamed defendants . . . identified only as 'John Doe's . . . until the plaintiff has had some opportunity for discovery to learn the identities." *Davis v. Kelly*, 160 F.3d 917, 921 (2d Cir. 1998); *see also PenalbertRosa v. Fortuno-Burset*, 631 F.3d 592 (1st Cir. 2011) ("A plaintiff who is unaware of the identity of the person who wronged her can . . . proceed against a 'John Doe' . . . when discovery is likely to reveal the identity of the correct defendant."); *Brown v. Owens Corning Inv. Review Comm*., 622 F.3d 564, 572 (6th Cir.

twitter handle and website but need additional information to identify Viceroy as a legal person or entity.  Moreover, Plaintiffs have identified the persons most likely to have the information necessary to identify Viceroy.  Finally, Plaintiffs have limited their request for expedited discovery to Viceroy's identity.

Because identifying the Defendant Viceroy by name is necessary for Plaintiffs to advance the asserted claims, Plaintiffs have established the good cause for the requested discovery.  *See Malibu Media,* 2013 WL 3732839, at * 6 ("Ascertaining the identities and residencies of the Doe defendant[ ] is critical to [Plaintiff's] ability to pursue litigation, for without this information, [Plaintiff] will be unable to serve process." (*quoting Sony Music*, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004)); *John Wiley*, 284 F.R.D. at 191 (same); *Malibu Media, LLC v. John Does, 1-18,* No. CIV.A. 12-2095, 2012 WL 8264665, at *6 (E.D. Pa. Sept. 27, 2012) ("Here, the subpoenaed information is highly critical because its absence prevents the Plaintiff from serving process on the defendants and proceeding with the litigation.").  Without the requested discovery, Plaintiffs will be unable to pursue their claims against Viceroy or serve process.

Moreover, because the requested discovery is limited and specific, Plaintiff has satisfied the requirement for good cause.  *Sony Music*, 326 F. Supp. 2d at 566; *see also Malibu Media*, 2013 WL 3732839, at * 5 (finding "the discovery request was adequately specific because it seeks the name and address of Defendant"); *Malibu Media*, 2012 WL 5987854, at 3 (finding that a request seeking defendant's name, current and permanent address, e-mail address, and Media Access Control was "highly specific").  Plaintiffs will

---

2010); *Blakeslee v. Clinton County*, 336 Fed. Appx. 248, 250 (3d Cir. 2009); *Young v. Transp. Deputy Sheriff I*, 340 Fed. Appx. 368 (9th Cir. 2009); *Green v. Doe*, 260 Fed. Appx. 717, 719 (5th Cir. 2007); *Krueger v. Doe*, 162 F.3d 1173 (10th Cir. 1998); *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992); *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985); *Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir. 1980).

8

not request any information other than what is necessary to determine the identity of Viceroy, which is necessary for Plaintiffs to effectuate service on Viceroy and proceed with their case. Plaintiffs' request for expedited discovery should be granted because they have a meritorious claim and no means to identify Viceroy as a legal person absent the requested discovery.

### B.   Plaintiffs' Prima Facie Case

As set forth in detail in the Complaint, Plaintiffs have stated a prima facie case of defamation by providing copies of the defamatory material published by Viceroy, identifying the specific actionable statements made by Viceroy and their falsity and explaining how, when, where and to whom the defamatory material was published. Finally, Plaintiffs identified how Viceroy knew its statements were false, or at worst, could have readily discovered the falsity of its actionable statements had it acted reasonably. Complaint, ¶¶ 1-12, 16, 20-21, 49-82, Exs. B, C and D.

To prevail on a claim for defamation, a plaintiff must show that defendant made a (1) false statement of fact (2) regarding the plaintiff (3) which is published to a third party without authorization or privilege (4) through fault amounting to at least negligence and (5) causing defamation per se or special injury to the plaintiff. *See Gristede's Foods, Inc. v. Poospatuck (Unkechauge) Nation*, No. 06-CV-1260, 2009 WL 4547792, at *8 (E.D.N.Y. Dec. 1, 2009). A statement that tends to "injure another in his or her trade, business or profession" is defamatory per se. *Stern*, 645 F.Supp.2d at 273. As set forth above and in the Complaint, Viceroy, in its articles and twitter feed, made false, misleading and defamatory—and therefore actionable—statements about Plaintiffs. Viceroy knowingly and willfully published the actionable statements on several websites

without authorization or privilege and published tweets with links to the defamatory articles. Further, Viceroy's actionable statements injured and continue to injure Plaintiff in their business and trade. Thus, Plaintiffs' request should be granted.

### C.    Emergency Relief Requested

Finally, in order to promptly proceed with their claims, Plaintiffs must discover the identity of Viceroy in order to serve Viceroy with the Complaint and amend the Complaint, as necessary, to identify, and allege additional specificity with respect to the claims against Viceroy. Declaration of Daniel L. Brown filed concurrently herewith ("Brown Dec."), ¶ 4. The urgency in this regard is further increased in light of Rule II.G of this Court's Individual Practices, which requires that all unknown parties be identified, served and have answered before this Court will schedule an initial conference. *Id*. at ¶ 5. Plaintiffs also need to promptly discover the identity of Viceroy so that Plaintiffs may take steps, as necessary, to prevent further market manipulation activities with respect to MiMedx by Viceroy. *Id*. In light of the exigencies described herein, as well as those set forth in the other filings in support of the Motion, Plaintiffs seek to bring this motion on an emergency basis, exempt from the pre-motion conference requirements set forth in Rule II.B. of this Court's Individual Practices and Local Civil Rule 37.2. *Id*. at ¶ 6.

In addition to the exigencies described herein, a pre-motion conference is impractical in this instance. Brown Dec., ¶ 7. The known Defendants were served with the Complaint and supporting documents on October 5, 2017 and have not yet appeared in this action, and Viceroy cannot be served until Plaintiffs discover the identity of Viceroy. *Id*. As set forth in Plaintiffs' Notice of Motion, Plaintiffs intend to serve the

known Defendants at the addresses listed on the Summonses issued by this Court, with a briefing schedule set in accordance with Local Rule 6.1(a).  *Id.*

Practically speaking, Plaintiffs need this information as soon as reasonably possible because the information Plaintiffs seek could be lost or destroyed absent quick action.  Plaintiffs' attempts to identify Viceroy using all publicly available means have been unavailing, because Viceroy is purposely masking its identity.  Pernini Dec., ¶¶ 2-4. For example, the publicly-listed registrant for Viceroy's website domain is not actually Viceroy, but Knock Knock.  *Id.* at ¶ 4.  Additionally, both Seeking Alpha and Knock Knock appear to offer their users the ability to update their contact information, which Viceroy could easily falsify in order to evade identification.  Pernini Dec., ¶ 6. Moreover, there is a particular concern with respect to Knock Knock, given that the company appears to exist for the sole purpose of masking its users' identity from a WHOIS search, and Knock Knock may therefore be incentivized to assist its customer Viceroy in evading identification by destroying or changing information.  *Id.*

## IV.  <u>CONCLUSION</u>

Plaintiffs have demonstrated good cause for their reasonable request for expedited discovery limited to the identity of Viceroy.  Such requests are routinely granted in cases where, as here, Plaintiff has demonstrated in detail the factual basis for their claim for defamation and seek only to discover the identity of a party defendant on an expedited basis.  Accordingly, Plaintiffs' Motion should be granted, and Plaintiffs should be permitted to serve their third party subpoenas on Knock Knock and Seeking Alpha and written discovery limited to the identity of Viceroy on the known defendants Aurelius, Fichthorn and Dialectic.

Dated:   October 6, 2017


/s Daniel L. Brown
Daniel L. Brown (DB-0906)
dlbrown@sheppardmullin.com
Thomas M. Monahan (TM-1984)
tmonahan@sheppardmullin.com
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
30 Rockefeller Plaza
New York, NY 10112
Tel: 212-653-8700

Joseph D. Wargo (GA No. 738764)
(*Pro Hac Vice to be filed*)
jwargo@wargofrench.com
David M. Pernini (GA No. 572399)
(*Pro Hac Vice to be filed*)
dpernini@wargofrench.com
WARGO & FRENCH LLP
999 Peachtree St. NE, Floor 26
Atlanta, GA 30309
Tel: 404-853-1500; Fax: 404-854-1501

*Counsel for Plaintiff MiMedx Group, Inc.*

Daniel J. Horwitz (DH-4339)
McLaughlin & Stern, LLP
260 Madison Avenue
New York, New York 10016
dhorwitz@mclaughlinstern.com
Tel: (212) 448-1100; Fax: (212) 448-0066

*Counsel for Plaintiff Sean McCormack*

12