IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIMEDX GROUP, INC. and SEAN MCCORMACK,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>SPARROW FUND MANAGEMENT LP, A/K/A "AURELIUS VALUE"; VICEROY RESEARCH; JOHN FICHTHORN; BR DIALECTIC CAPITAL MANAGEMENT, LLC; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No.  1:17-cv-07568 (DAB) (KHP) |

**DECLARATION OF DANIEL L. BROWN IN SUPPORT OF MOTION FOR EXPEDITED DISCOVERY ON AN EMERGENCY BASIS**

　　I, DANIEL L. BROWN, declare as follows:

　　1.　　I am a Partner at the law firm of Sheppard, Mullin, Richter & Hampton, LLP, counsel for Plaintiff MiMedx Group, Inc. ("MiMedx") in the above-captioned matter. I am fully familiar with the proceedings in this case. This Declaration is based upon my personal knowledge of the facts set forth herein and in support of MiMedx and Sean McCormack's Motion for Expedited Discovery on an Emergency Basis (the "Motion").

　　2.　　As set forth in the accompanying memorandum of law and the Declaration of David M. Pernini in support of the Motion, plaintiffs MiMedx and Sean McCormack (collectively, "Plaintiffs") seek leave to serve party discovery and third-party subpoenas in order to discover the identity of defendant Viceroy Research ("Viceroy").

　　3.　　As set forth in Plaintiffs' Complaint for Damages and Injunctive Relief (Dkt. No. 1) (the "Complaint"), Plaintiffs allege that defendants Sparrow Fund Management LP a/k/a "Aurelius Value," John Fichthorn, and BR Dialectic Capital Management, LLC (collectively, the

1

"Known Defendants"), have, among other things, engaged in a "short and distort" market manipulation conspiracy against MiMedex, which has caused significant harm to MiMedex.

4. In order to promptly proceed with Plaintiffs' claims, Plaintiffs must discover the identity of Viceroy in order to serve Viceroy with the Complaint and amend the Complaint, as necessary, to identify, and allege additional specificity with respect to the claims against Viceroy.

5. The urgency in this regard is further increased in light of Rule II.G. in this Court's Individual Practices, which requires that all Doe parties be identified, served and have answered before this Court will schedule an initial conference. Plaintiffs also need to promptly discover the identity of Viceroy so that Plaintiffs may take steps, as necessary, to prevent further market manipulation activities with respect to MiMedex by Viceroy.

6. In light of the exigencies described herein, as well as those set forth in the other filings in support of the Motion, Plaintiffs seek to bring this motion on an emergency basis, exempt from the pre-motion conference requirements set forth in Rule II.B. of this Court's Individual Practices and Local Civil Rule 37.2.

7. In addition to the exigencies described herein, a pre-motion conference is impractical in this instance. The Known Defendants were served with the Complaint and supporting documents on October 5, 2017 and have not yet appeared in this action, and Viceroy cannot be served until Plaintiffs discover the identity of Viceroy. As set forth in Plaintiffs' Notice of Motion, Plaintiffs intend to serve the Known Defendants at the addresses listed on the Summonses issued by this Court, with a briefing schedule set in accordance with Local Rule 6.1(a).

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 6th day of October 2017, at New York, New York

                                                  /s/ Daniel L. Brown
                                                DANIEL L. BROWN