IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIMEDX GROUP, INC. and SEAN MCCORMACK,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>SPARROW FUND MANAGEMENT LP, A/K/A "AURELIUS VALUE"; VICEROY RESEARCH; JOHN FICHTHORN; BR DIALECTIC CAPITAL MANAGEMENT, LLC; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No. 1:17-cv-07568 |

## DECLARATION OF DAVID M. PERNINI IN SUPPORT OF PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY

I, David M. Pernini, declare and state as follows:

1. I am an attorney licensed to practice before the courts of the State of Georgia, and I am a partner at the law firm of Wargo & French, LLP, counsel for Plaintiff MiMedx Group, Inc. ("MiMedx") in the instant proceeding. I intend to move for admission *pro hac vice* in this Court and have no reason to believe such admission may be denied. I make this declaration in support of the Motion for Expedited Discovery filed by MiMedx and co-Plaintiff Sean McCormack (collectively, "Plaintiffs") in the instant proceeding, have knowledge of the facts in this declaration, and could and would competently testify thereto if called upon to do so.

2. As alleged in Plaintiffs' Complaint, the pseudonymous defendant known as Viceroy Research ("Viceroy") has published numerous false, misleading and defamatory statements about Plaintiffs on its website (viceroyresearch.org) and Twitter page (@ViceroyResearch).

3. Viceroy conceals the identity of the individual(s) responsible for these statements, but admits on its website postings that Viceroy has a "short" investment

position in MiMedx stock. Accordingly, it appears that the individual(s) posting as Viceroy are either doing so for their own benefit as individual investors, for the benefit of a larger company (such as a hedge fund) as its principal(s) or employee(s), or both.

    4.    My colleagues and I have conducted significant research by resort to publicly-available sources and have been unable to identify Viceroy. Specifically, we have performed the following general research tasks:

    a.    Google and Westlaw searches for "Viceroy Research" and investigations into apparently relevant search results;

    b.    Review of other internet activity by Viceroy including activity on public websites such as Twitter and SeekingAlpha (seekingalpha.com), and investigations into apparently relevant related activity;

    c.    Access of publicly-available WHOIS domain registry information, which revealed that the registrant for Viceroy's website domain is not actually Viceroy, but a private company called Knock Knock WHOIS Not There, LLC ("Knock Knock");

    d.    Inquiry of other entities and individuals who, according to publicly-available information, have come into contact with Viceroy in the past.

    5.    As previously stated, none of this research into publicly-available sources yielded Viceroy's specific identity or identities, nor did it yield Viceroy's residence(s) or domicile(s). However, the research did demonstrate that Viceroy has an account or does business with SeekingAlpha and Knock Knock. Both entities' terms of service require their customers or users to present personal identifying and contact information upon registration, and to keep that information current as a condition of continued use or access. Therefore, subpoenas upon SeekingAlpha and Knock Knock may potentially allow or assist Plaintiffs to identify Viceroy. There should be no concern that the subpoenas may yield any information relevant to any issue in this litigation other than identifying Viceroy, given that these entities are not expect to have any other such

information and in any event Plaintiffs' subpoenas will be narrowly tailored to identifying Viceroy.

6.      Plaintiffs need this information as soon as reasonably possible because Plaintiffs cannot identify Viceroy in their Complaint or serve Viceroy with process absent knowledge of Viceroy's identity. My colleagues and I also suspect that the information Plaintiffs seek could be lost or destroyed absent quick action. Both SeekingAlpha and Knock Knock appear to offer their users the ability to update their contact information, which Viceroy could easily falsify in order to evade identification. Moreover, there is a particular concern with respect to Knock Knock, given that the company appears to exist for the sole purpose of masking its users' identity from a WHOIS search, and Knock Knock may therefore be incentivized to assist its customer Viceroy in evading identification by destroying or changing information.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 6, 2017, at Atlanta, Georgia.

*/s/ David M. Pernini*
David M. Pernini