

# EXHIBIT A



October 6, 2017

Christopher G. Green
T +1 617 951 7878
christopher.green@ropesgray.com

**BY E-MAIL**

David M. Pernini
Wargo & French LLP
999 Peachtree St. NE, Floor 26
Atlanta, GA 30309

Re:    MiMedx Group, Inc. – SDNY Complaint Improperly Naming Sparrow Fund Management
        LP as a Defendant

Dear Mr. Pernini,

        This firm represents Sparrow Fund Management LP ("Sparrow"). I am writing to follow up on our call yesterday regarding the complaint you filed on behalf of MiMedx Group, Inc. ("MiMedx") and Sean McCormack in the United States District Court for the Southern District of New York naming Sparrow as a defendant, among other named and unnamed parties.

        As I relayed, the allegations in the complaint concerning Sparrow are premised on a factual inaccuracy. Specifically, the complaint alleges, "based on information and belief," that an anonymous blogger writing under the pseudonym "Aurelius Value" is "actually one or more of Sparrow's partners or employees." Complaint at ¶ 36. As I stated on our call, this is incorrect: no Sparrow partner or employee has made any of the statements recited in the complaint. Whatever "investigation" or "forensic work" your firm undertook was inadequate, and the allegations based on that are not well founded. Having been apprised that your client's allegations against Sparrow lack a basis in fact, I trust that you will immediately withdraw Sparrow from your complaint. Further, because MiMedx has publicized its allegations against Sparrow and wrongfully tarnished my client's business reputation with this litigation, I expect that MiMedx will also issue a press release explaining that it was mistaken in naming Sparrow as a defendant in its complaint.

        In the event that this issue is not resolved, we will take all appropriate steps to protect Sparrow's legal interests, including, but not limited to, moving to dismiss the complaint on multiple grounds, filing for a protective order, and moving to recover all costs Sparrow incurs in connection with this litigation. *See, e.g., Fuji Photo Film U.S.A., Inc. v. Aero Mayflower Transit Co., Inc.*, 112 F.R.D. 664, 668 (S.D.N.Y. 1986) ("[B]lind obstinacy . . . that [plaintiff's counsel] was pursuing the wrong defendant is precisely the type of conduct that Rule 11 is designed to deter.").

Given the circumstances, we ask that you confirm that you will withdraw the complaint as to Sparrow by the close of business on Monday, October 9, 2017, so that we may move to protect Sparrow's interests. Again, as I said on our call yesterday, we do not intend this communication to be hostile or argumentative. You simply have asserted a claim against Sparrow based on allegations that are flatly wrong and for which there is no sound basis. So we ask that you withdraw the claim and thereby avoid unnecessary expenses for all parties. And, in the event that you do not do so, this letter is intended as a professional courtesy to give you notice that we will be compelled to seek any and all costs Sparrow bears in connection with your litigation.

Sincerely,

Christopher G. Green

/ PTR

CC:     Joseph D. Wargo
        Daniel L. Brown
        Thomas McKee Monahan
        James Horwitz
        Elissa C. Reidy
        Patrick T. Roath