UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIMEDX GROUP, INC. and SEAN MCCORMACK,<br><br>                         Plaintiffs,<br><br>v.<br><br>SPARROW FUNDS MANAGEMENT, LP, A/K/A "AURELIUS VALUE"; VICEROY RESEARCH; JOHN FICHTHORN, BR DIALECTIC CAPITAL MANAGEMENT, LLC, and DOES 1-10, inclusive,<br><br>                         Defendants. | Civil Action No. 1:17-cv-07568 |

**DEFENDANTS JOHN FICHTHORN AND BR DIALECTIC CAPITAL MANAGEMENT, LLC's MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION STYLED "MOTION FOR EXPEDITED DISCOVERY ON AN EMERGENCY BASIS"**

BRESSLER, AMERY & ROSS
A Professional Corporation
325 Columbia Turnpike
Florham Park, New Jersey 07932
P.O. Box 1980
Morristown, New Jersey 07962
(973) 514-1200
Attorneys for Defendants John Fichthorn and
BR Dialectic Capital Management, LLC

On the Brief:

    Nikolas S. Komyati, Esq.

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................................ii

PRELIMINARY STATEMENT ............................................................................................1

ARGUMENT ..........................................................................................................................2

       A.    PLAINTIFFS CANNOT PROVE GOOD CAUSE FOR EXPEDITED DISCOVERY WITHOUT PLEADING A CREDIBLE CONNECTION BETWEEN BR DIALECTIC AND VICEROY ...........................................................................................4

CONCLUSION .......................................................................................................................6

# TABLE OF AUTHORITIES

**Page**

**Cases**

*287 Franklin Ave. Residents' Ass'n v. Meisels*,
   No. 11-CV-976, 2012 WL 1899222 (E.D.N.Y. May 24, 2012) .................................. 4

*Fotochrome, Inc. v. New York Herald Tribune, Inc.*,
   61 Misc. 2d 226 (N.Y. Sup. Ct. 1969) ........................................................................ 6

*Litwin v. OceanFreight, Inc.*,
   865 F. Supp. 2d 385 (S.D.N.Y. 2011) ..................................................................... 3, 5

*Marketplace, Inc. v. Tee Support, Inc.*,
   No. 13 Civ. 5635, 2013 WL 4838854 (S.D.N.Y. Sept. 11, 2013) ............................... 3

*N. Atl. Operating Co. v. Evergreen Distribs, LLC*,
   293 F.R.D. 363 (E.D.N.Y. 2013) ............................................................................ 3, 5

*Notaro v. Koch*,
   95 F.R.D. 403 (S.D.N.Y. 1982) .................................................................................. 3

*Pearson Educ., Inc. v. Doe*,
   No. 12 Civ. 4786, 2012 WL 4832816 (S.D.N.Y. Oct. 1, 2012) ............................. 3, 5

*Treppel v. Biovail Corp.*,
   No. 03 Civ. 3002, 2005 WL 2086339 (S.D.N.Y. Aug. 30, 2005) ............................... 5

**Constitution, Statutes and Rules of Court**

Fed. R. Civ. P. 26 (d)(1) ..................................................................................................... 2

Fed. R. Civ. P. 26 (f) .......................................................................................................... 2

**Other Authorities**

MiMedx, *Short Selling Commentary*, https://www.mimedx.com/content/short-
   selling-commentary ................................................................................................... 6

**PRELIMINARY STATEMENT**

As part of a campaign to silence its critics and suppress negative speech about its commercial fortunes, plaintiffs MiMedx Group, Inc., ("MiMedx," or the "Company") and employee Sean McCormack (together, "Plaintiffs") have brought a baseless defamation action against a set of investment advisers and anonymous internet posters in the hopes of strong-arming them into discovery and ferreting out the identities of speakers with whom they disagree. This Court should join the body of precedent rejecting attempts like this one to convert legal process into a cudgel for intimidating critics by denying Plaintiffs' so-called "emergency" motion for expedited discovery (the "Motion"). Dkt. 15.

Plaintiffs have failed to plead a defamation claim against BR Dialectic Capital Management, LLC, a Connecticut-based investment adviser[1] and John Fichthorn ("Fichthorn," and, together with his employer, "BR Dialectic"), the firm's general partner. As BR Dialectic will explain in greater detail in its forthcoming motion to dismiss, none of the allegedly defamatory statements recited in Plaintiffs' complaint (the "Complaint"), Dkt. 1, are remotely susceptible to a libelous interpretation. The quoted statements are opinions stated by an investor to a shareholder regarding a large public Company. Speech of this kind is protected by the First Amendment, essential to a healthy marketplace, and commonplace in the world of public equity markets. Plaintiffs might not want others to hear these opinions, but that does not render them defamatory. Further, the Complaint is shot through with factual inaccuracies and unsupported innuendo about the motivations behind the alleged short-seller "attack." To take just one example, the Complaint wrongly suggests that MiMedx's rising stock price was "squeezing" BR Dialectic and the other defendants. Compl. ¶ 8-9. Plaintiffs fail to allege facts supporting this suggestion and, in reality,

---

[1] BR Dialectic relies on the registration of B. Riley Capital Management, LLC, an investment adviser registered with the SEC.

65465682_2

BR Dialectic faced no pressure from the natural movement of MiMedx's stock price. BR Dialectic will address these glaring insufficiencies at much greater length in its forthcoming motion to dismiss.

Plaintiffs' attempt to force BR Dialectic into emergency discovery to unmask the identity of Viceroy Research ("Viceroy"), an anonymous internet commentator, is equally meritless. To succeed on its Motion, Plaintiffs must justify forcing the named defendants to participate in pre-conference discovery regarding the identity of an unknown defendant by proving "good cause." This requires Plaintiffs to show, at an absolute minimum, that they (i) have established a *prima facie* claim against the unknown defendant and (ii) adequately alleged a concrete connection between the target of the discovery and the unknown defendant. Plaintiffs have manifestly failed to do either, and their Motion falls well short of this Court's "good cause" standard.

BR Dialectic joins Part I of the Memorandum in Opposition ("Opposition") submitted by Sparrow Fund Management LP ("Sparrow") arguing that Plaintiffs have failed to satisfy the threshold requirement that they plead a valid claim against Viceroy. It further joins those parts of the Opposition's Preliminary Statement and Introduction that bear on the deficiencies in the Viceroy allegations. With this memorandum, BR Dialectic writes separately to establish that good cause does not exist as to BR Dialectic because the Complaint fails to adequately allege any connection whatsoever between BR Dialectic and Viceroy. For the reasons articulated below, and those discussed at greater length in Sparrow's Opposition, the Motion should be denied with prejudice.

## ARGUMENT

Under the Federal Rules of Civil Procedure, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26 (d)(1).

2

65465682_2

Most courts in this Circuit use a "flexible standard of reasonableness and good cause" to assess the merits of a motion for expedited discovery. *N. Atl. Operating Co. v. Evergreen Distribs, LLC*, 293 F.R.D. 363, 367 (E.D.N.Y. 2013). Good cause exists when "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)). To assess good cause, courts consider "any factors relevant to the circumstances of this case," *Pearson Educ., Inc. v. Doe*, No. 12 Civ. 4786, 2012 WL 4832816, at *4 (S.D.N.Y. Oct. 1, 2012), an inquiry which, in defamation cases, involves determining whether the plaintiff has articulated a *prima facie* case against the unknown speaker, *see ad Marketplace, Inc. v. Tee Support, Inc.*, No. 13 Civ. 5635, 2013 WL 4838854, at *2 (S.D.N.Y. Sept. 11, 2013). Other courts have packaged this inquiry as a multi-part test asking whether the movant can demonstrate "irreparable injury," "some probability of success on the merits," "some connection" between the discovery sought and the injury alleged, and "some evidence" that the balance of equities favors the movant. *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982); *see also Litwin v. OceanFreight, Inc.*, 865 F. Supp. 2d 385, 402 (S.D.N.Y. 2011) (applying *Notaro*).

BR Dialectic joins Part I of the Opposition submitted by Sparrow arguing that Plaintiffs have failed to articulate a *prima facie* case of defamation against Viceroy. It also joins those parts of the Opposition's Preliminary Statement and Introduction that bear on the deficiencies in the Viceroy allegations. Here, BR Dialectic writes separately to demonstrate that good cause does not exist as to BR Dialectic because the Complaint fails to adequately allege a connection between BR Dialectic and Viceroy.

A.  **PLAINTIFFS CANNOT PROVE GOOD CAUSE FOR EXPEDITED DISCOVERY WITHOUT PLEADING A CREDIBLE CONNECTION BETWEEN BR DIALECTIC AND VICEROY**

Plaintiffs have advanced an obviously compromised complaint in the hopes of securing discovery into the identities of anonymous speakers with whom it disagrees. This gambit is undermined by the allegations of Plaintiffs' own complaint, which fails to establish any kind of connection whatsoever between the unknown defendant, Viceroy, and the intended target of discovery, BR Dialectic (among others). Without that foundation, Plaintiffs' fishing expedition cannot proceed. *See 287 Franklin Ave. Residents' Ass'n v. Meisels*, No. 11-CV-976, 2012 WL 1899222, at *5 (E.D.N.Y. May 24, 2012) (quoting *Unger v. Cohen,* 125 F.R.D. 67, 71 (S.D.N.Y. 1989)) (stating that "the line between discovery reasonably calculated to lead to admissible evidence and the proverbial fishing expedition is determined in large measure by the allegations of the pleading." (internal quotation marks omitted)).

The sum total of the alleged connections between Viceroy and BR Dialectic are as follows:

1. Fichthorn asked a shareholder why MiMedx replaced its accountant. At an undisclosed point in time, Viceroy published a tweet posing a question about why MiMedx had replaced its auditor. Complaint ¶ 80.
2. Fichthorn mentioned on a call that he had submitted FOIA requests to the government. At an undisclosed point in time, Viceroy tweeted that it, too, had submitted FOIA requests. *Id.*

Putting aside the obvious fact that there is nothing even vaguely defamatory about these statements, the weakness of Plaintiffs' justification for drawing BR Dialectic into expedited discovery dramatizes the Motion's absurdity. By Plaintiffs' logic, any two speakers who voice similar questions about, or report taking similar steps to investigate, a public company have joined a civil conspiracy, and one can be ordered into court to answer questions about the other's identity under oath.

4

That is not the law, and Plaintiffs' unreasonable theory cannot serve as good cause for expedited discovery. Courts in the Southern District have resisted unwarranted fishing expeditions under the guise of expedited discovery by requiring movants to show a "concrete basis . . . to justify expedited discovery." *Litwin*, 865 F. Supp. 2d at 402. A movant cannot secure expedited discovery into a defendant's identity because the recipient "probably knows the true identity and location of [unknown defendant]." *Pearson*, 2012 WL 4832816, at *6 (internal quotation marks omitted). Such a weak allegation "does not constitute a clear and specific showing of good and sufficient reason" for approving the request for extraordinary relief. *Id.* "[V]ague reference[s]" to how a party is connected to an unidentified defendant does not "establish[] the need for the proposed subpoena to issue before the start of discovery." *Evergreen*, 293 F.R.D. at 373. The Complaint's conclusory gestures at an alleged connection do not satisfy the standard articulated by these decisions.

The Complaint alludes on several occasions to the existence of "conspiracy" among the defendants. Complaint ¶¶ 1, 20, 77, 78, 82. But Plaintiffs make no effort at alleging an actual conspiracy. *See Treppel v. Biovail Corp.*, No. 03 Civ. 3002, 2005 WL 2086339, at *5 (S.D.N.Y. Aug. 30, 2005) ("To establish a claim of civil conspiracy, plaintiff must demonstrate the underlying tort, plus the following four elements: (1) an agreement between two or more parties; (2) an overt act in furtherance of the agreement; (3) the parties' intentional participation in the furtherance of a plan or purpose; and, (4) resulting damage or injury."). To the extent Plaintiffs are using the term in a colloquial or non-technical sense, their allegations fail to make a persuasive case even at the level of basic logic.

Allowing public companies like MiMedx to secure expedited discovery without offering minimal factual and legal justifications would stifle voices that are essential to the transparency

and efficiency of the public equities markets. *Cf. Fotochrome, Inc. v. New York Herald Tribune, Inc.*, 61 Misc. 2d 226, 228-230 (N.Y. Sup. Ct. 1969) (reasoning that defamation law cannot be used to deter "would-be critics" from voicing their criticism as there is "a need for information concerning[] the stock market in general or the successes, failures or manipulations of specific corporations in which thousands of people have invested their personal fortunes"). Public companies are well-equipped to counter outside opinions they view as incorrect with their own narrative of the company's current state and fortunes. Indeed, MiMedx has been actively responding to critiques of its business practices through numerous press releases on its website. *See generally* MiMedx, *Short Selling Commentary*, https://www.mimedx.com/content/short-selling-commentary (visited October 16, 2017).

## CONCLUSION

Based on the foregoing, and the arguments advanced in Sparrow's Opposition and incorporated herein by reference, BR Dialectic respectfully requests that Plaintiffs' Motion For Expedited Discovery be denied with prejudice.

Dated: October 16, 2017
      New York, New York

/s/ Nikolas S. Komyati, Esq.
Nikolas S. Komyati (NK-8873)
Bressler, Amery & Ross, P.C.
325 Columbia Turnpike
Florham Park, New Jersey 07932
nkomyati@bressler.com
Telephone: 973-245-0671
