# EXHIBIT B

# MiMedx now under investigation by DOJ enforcement & VA

FOIA request responses show MiMedx is now being investigated by the Department of Justice and the Department of Veterans Affairs

Viceroy has received responses to two Freedom of Information Act (FOIA) requests lodged after the publication of our initial report, one from the Department of Veterans Affairs and the other to the Department of Justice.

Both agencies withheld all requested documents under 5 U.S. Code § 552(b)(7)(A), which provides an exemption for agencies to make available public documents as it could "reasonably be expected to interfere with enforcement proceedings".

> 5 U.S. Code § 552 - Public information; agency rules, opinions, orders, records, and proceedings
>
> (a) Each agency shall make available to the public information as follows: […]
> (b) **This section does not apply to matters that are—**
> (7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A**) could reasonably be expected to interfere with enforcement proceedings**

*Figure 1 5 U.S. Code § 552 extract[1]*

As readers would recall, we have previously highlighted[2] that FOIA requests related to an SEC have also been withheld for the same reason. Despite rejecting our initial report as "lies", management proceeded to issue a press release[3] (not an 8-K) they were in fact complying with an SEC subpoena as a subject of an investigation.

---

**Viceroy now believe MiMedx is under formal investigation by the DOJ, the DVA and the SEC.**

---

Responses from each agency have been annexed in this report.

---

[1] https://www.law.cornell.edu/uscode/text/5/552
[2] https://viceroyresearch.org/2017/09/20/mimedxs-nasdaqmdxg-employment-of-kickback-bribery-scheme-inducers-makes-it-uninvestable/
[3] http://phx.corporate-ir.net/phoenix.zhtml?c=213465&p=irol-newsArticle&ID=2302107

**Important Disclaimer – Please read before continuing**

This report has been prepared for educational purposes only and expresses our opinions. This report and any statements made in connection with it are the authors' opinions, which have been based upon publicly available facts, field research, information, and analysis through our due diligence process, and are not statements of fact. All expressions of opinion are subject to change without notice, and we do not undertake to update or supplement any reports or any of the information, analysis and opinion contained in them. We believe that the publication of our opinions about public companies that we research is in the public interest. We are entitled to our opinions and to the right to express such opinions in a public forum. You can access any information or evidence cited in this report or that we relied on to write this report from information in the public domain.

To the best of our ability and belief, all information contained herein is accurate and reliable, and has been obtained from public sources we believe to be accurate and reliable, and who are not insiders or connected persons of the stock covered herein or who may otherwise owe any fiduciary duty or duty of confidentiality to the issuer. We have a good-faith belief in everything we write; however, all such information is presented "as is," without warranty of any kind – whether express or implied.

In no event will we be liable for any direct or indirect trading losses caused by any information available on this report. Think critically about our opinions and do your own research and analysis before making any investment decisions. We are not registered as an investment advisor in any jurisdiction. By downloading, reading or otherwise using this report, you agree to do your own research and due diligence before making any investment decision with respect to securities discussed herein, and by doing so, you represent to us that you have sufficient investment sophistication to critically assess the information, analysis and opinions in this report. You should seek the advice of a security professional regarding your stock transactions.

This document or any information herein should not be interpreted as an offer, a solicitation of an offer, invitation, marketing of services or products, advertisement, inducement, or representation of any kind, nor as investment advice or a recommendation to buy or sell any investment products or to make any type of investment, or as an opinion on the merits or otherwise of any particular investment or investment strategy.

Any examples or interpretations of investments and investment strategies or trade ideas are intended for illustrative and educational purposes only and are not indicative of the historical or future performance or the chances of success of any particular investment and/or strategy.

As of the publication date of this report, you should assume that the authors have a direct or indirect interest/position in all stocks (and/or options, swaps, and other derivative securities related to the stock) and bonds covered herein, and therefore stand to realize monetary gains in the event that the price of either declines.

The authors may continue transacting directly and/or indirectly in the securities of issuers covered on this report for an indefinite period and may be long, short, or neutral at any time hereafter regardless of their initial recommendation.

## FOIA requests denied due to ongoing proceedings

Viceroy has received responses from the Department of Justice and Department of Veterans affairs to two FOIA requests lodged earlier in the year. In both cases documents were withheld due to an ongoing investigation into MiMedx. This heavily suggests that **both** departments are pursuing and ongoing investigation into the company.

> The records responsive to your request are protected from disclosure. The information is withheld in full because it is protected from disclosure under the FOIA pursuant to 5 U.S.C. § 552(b)(7)(A). This provision concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to interfere with enforcement proceedings.

*Figure 2 Department of Veterans Affairs response to Viceroy FOIA request*

> My review of the documents revealed that they contained information that falls within the disclosure protections of FOIA Exemption 7, 5 U.S.C. § 552(b)(7)(A). Exemption 7(A), permits VA to withhold a document or information in a document if the Agency compiled the document for law enforcement records or information could reasonably be expected to interfere with enforcement proceedings. Stated another way, VA may withhold information under exemption 7(A) where there is a reasonable likelihood that disclosure of the information, either by itself or in conjunction with other information available to either the public or the FOIA requester, could interfere with currently ongoing enforcement proceedings. This exemption applies to information not initially obtained or generated for law enforcement purposes but that qualify under Exemption 7 as a record compiled for law enforcement purposes if it is subsequently recompiled into a protected law enforcement record.

*Figure 3 Department of Justice response to Viceroy FOIA request*

Readers will note that Viceroy has previously published an SEC response to another FOIA request for documents that were withheld for the same reasons.

```
     We are withholding records that may be responsive to your
request under 5 U.S.C. § 552(b)(7)(A), 17 CFR § 200.80(b)(7)(i).
This exemption protects from disclosure records compiled for law
enforcement purposes, the release of which could reasonably be
expected to interfere with enforcement activities.  Since
Exemption 7(A) protects the records from disclosure, we have not
determined if other exemptions apply.  Therefore, we reserve the
right to assert other exemptions when Exemption 7(A) no longer
applies.
```

*Figure 4 Securities and Exchanges Commission response to Viceroy FOIA request*

---

*Based on the above evidence, Viceroy now believes that MiMedx is under investigation by the Department of Justice, Department of Veterans Affairs and the Securities and Exchanges Commission.*

---

## Annexures

### Annexure 1: Department of Veterans Affairs FOIA response




October 20, 2017

FOIA No.

This letter is the initial agency decision to your October 19, 2017 request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to Atlanta VA Medical Center for: "**going back to July 2016**". As indicated in their October 19, 2017 letter, the Office of acquisition & Logistics (OAL) referred your request to Atlanta VA Medical Center FOIA Office for further processing and direct response to you.

The responsive documents were contained in the Initial Admin File. I conducted a search for documents responsive to your request. At the conclusion of the search, 11 responsive documents, totaling 71 pages, were determined to be responsive to your request.

My review of the documents revealed that they contained information that falls within the disclosure protections of FOIA Exemption 7, 5 U.S.C. § 552(b)(7)(A). Exemption 7(A), permits VA to withhold a document or information in a document if the Agency compiled the document for law enforcement records or information could reasonably be expected to interfere with enforcement proceedings. Stated another way, VA may withhold information under exemption 7(A) where there is a reasonable likelihood that disclosure of the information, either by itself or in conjunction with other information available to either the public or the FOIA requester, could interfere with currently ongoing enforcement proceedings. This exemption applies to information not initially obtained or generated for law enforcement purposes but that qualify under Exemption 7 as a record compiled for law enforcement purposes if it is subsequently recompiled into a protected law enforcement record.

On review of the records that we have identified as responsive to your FOIA request revealed the 50 pages of records contain information that falls within the protection of FOIA exemption 7(A). Specifically, the information covered by exemption 7(A) consists of information which is currently part of an Office of Inspector General Investigation. Consequently, VA denies your request for this information under FOIA Exemption 7(A), 5 U.S.C. § 552 (b)(7)(A). Please be advised, you may appeal the determinations made in this response to the VA, Office of General Counsel. Appeals may be mailed to the following address:

Office of the General Counsel (024)



Department of Veterans Affairs
810 Vermont Avenue, N.W.
Washington, D.C. 20420
Email: ogcfoiaappeals@va.gov

If you should choose to file an appeal, your appeal must be postmarked or electronically transmitted no later than ninety (90) calendar days from the date of this letter. Please include a copy of this letter with your written appeal and clearly state why you disagree with the determinations set forth in this response.

You may also seek assistance and/or dispute resolution services for any other aspect of your FOIA request, excluding the release determination, from VHA's FOIA Public Liaison and or Office of Government Information Services (OGIS) as provided below:

VHA FOIA Public Liaison:
Email Address:      vhafoia2@va.gov
Phone Number:    (877) 461-5038

Office of Government Information Services (OGIS)
Email: ogis@nara.gov
Fax: (202) 741-5769
Mailing address: Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road
College Park, MD  20740-6001

If you have any questions about your request, you may contact me at 404-321-6111, Ext 110000 or 2749, or Atlanta508.FOIA@va.gov or Fax 404-728-7658.

Sincerely,

*Emanuel F. Lewis*
FOIA Public Liaison

## Annexure 2: Department of Justice FOIA Response



**U.S. Department of Justice**

Civil Division

_Washington, DC 20530_

Via E-mail

November 13, 2017



Request No.   145-FI-15748
              SBL:HDK

Dear ▓▓▓▓▓▓

This is the response of the Civil Division, Department of Justice to your Freedom of Information Act (FOIA) request for records concerning MiMedx Group. This Office received your request on October 4, 2017.

The records responsive to your request are protected from disclosure. The information is withheld in full because it is protected from disclosure under the FOIA pursuant to 5 U.S.C. § 552(b)(7)(A). This provision concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to interfere with enforcement proceedings.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. _See_ 5 U.S.C. § 552(c) (2015) (Amended 2016). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that we give to all our requesters. You should not take it as an indication that excluded records do, or do not, exist.

You may contact our FOIA Public Liaison at 202-514-2319 for any further assistance and to discuss any aspect of your request. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web

- 2 -

site: https://foiaonline.regulations.gov/foia/action/public/home. You must electronically submit your appeal or have it postmarked within 90 days from this response. If you submit your appeal by mail, it is important you mark both the letter and the envelope "Freedom of Information Act Appeal."

Sincerely,

Hirsh D. Kravitz
Senior Supervisory FOIA Counsel
Office of FOIA, Records, and E-discovery



## Annexure 3: Securities and Exchanges Commission FOIA Response



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
STATION PLACE
100 F STREET, NE
WASHINGTON, DC 20549-2465

Office of FOIA Services

August 23, 2017

Mr.

Re: Freedom of Information Act (FOIA), 5 U.S.C. § 552
   Request No. 17-03617-FOIA

Dear Mr.        :

   This letter responds to your request, dated August 17, 2017 and received in this office on August 17, 2017, for information concerning MiMedx Group.

   We are withholding records that may be responsive to your request under 5 U.S.C. § 552(b)(7)(A), 17 CFR § 200.80(b)(7)(i). This exemption protects from disclosure records compiled for law enforcement purposes, the release of which could reasonably be expected to interfere with enforcement activities. Since Exemption 7(A) protects the records from disclosure, we have not determined if other exemptions apply. Therefore, we reserve the right to assert other exemptions when Exemption 7(A) no longer applies.

   It is the general policy of the Commission to conduct its investigations on a non-public basis. Thus, subject to the provisions of FOIA, the Commission does not disclose the existence or non-existence of an investigation or information gathered unless made a matter of public record in proceedings brought before the Commission or in the courts. Accordingly, the assertion of this exemption should not be construed as an indication by the Commission or its staff that any violations of law have occurred with respect to any person, entity, or security.

   I am the deciding official with regard to this adverse determination. You have the right to appeal my decision to the SEC's General Counsel under 5 U.S.C. § 552(a)(6), 17 CFR § 200.80(d)(5)(iv). The appeal must be received within ninety (90) calendar days of the date of this adverse decision. Your appeal must be in writing, clearly marked "Freedom of Information Act



17-03617-FOIA

August 23, 2017
Page Two

Appeal," and should identify the requested records. The appeal may include facts and authorities you consider appropriate.

You may file your appeal by completing the online Appeal form located at https://www.sec.gov/forms/request_appeal, or mail your appeal to the Office of FOIA Services of the Securities and Exchange Commission located at Station Place, 100 F Street NE, Mail Stop 2465, Washington, D.C. 20549, or deliver it to Room 1120 at that address. Also, send a copy to the SEC Office of the General Counsel, Mail Stop 9612, or deliver it to Room 1120 at the Station Place address.

You also have the right to seek assistance from me as a FOIA Public Liaison or contact the Office of Government Information Services (OGIS) for dispute resolution services. OGIS can be reached at 1-877-684-6448 or Archives.gov or via email at ogis@nara.gov.

If you have any questions, please contact Frank Mandic of my staff at mandicf@sec.gov. You may also contact me at foiapa@sec.gov or (202) 551-7900.

Sincerely,

Dave Henshall
FOIA Branch Chief