USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/04/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MIMEDX GROUP, INC. and SEAN MCCORMACK,

                                  Plaintiffs,

                -against-

SPARROW FUND MANAGEMENT LP, et al.,

                                Defendants.
-----------------------------------------------------------------X

**ORDER**

17-CV-7568 (PGG) (KHP)

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      Defendant Sparrow Fund Management LP's ("Sparrow") motion pursuant to Federal Rule of Civil Procedure 11 for sanctions against Plaintiff MiMedx Group, Inc. ("MiMedx") and its counsel of record (Doc. No. 59) is **DENIED WITHOUT PREJUDICE** as untimely filed.  *See* Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions . . . must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.").  Where, as here, Plaintiff has not consented to service by electronic means, Defendant's service of its motion by email does not comply with Fed. R. Civ. P. 5 and, accordingly, does not trigger the commencement of the 21-day "safe harbor" period mandated by Fed. R. Civ. P. 11.  Sparrow may renew its Motion for Sanctions if MiMedx does not withdraw its claims against Sparrow within 21 days after Sparrow's service of the motion pursuant to Fed. R. Civ. P. 5.  *See Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012) ("The safe-harbor provision is a strict procedural requirement.").

**SO ORDERED.**

1

Dated: September 4, 2018
      New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge